IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHAWN O'HARA                                                    **PLAINTIFF**

V.                                   **CIVIL ACTION NO. 2:11-CV-208-KS-MTP**

**TRAVELERS, also named, THE AUTOMOBILE
INSURANCE COMPANY OF HARTFORD,
CONNECTICUT (INSURER)**                                 **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **denies** Plaintiff's Motion to Remand [16] this case to the Circuit Court of Forrest County, Mississippi.

<u>I. BACKGROUND</u>

Plaintiff filed this case in the Circuit Court of Forrest County, Mississippi, on August 12, 2011. Plaintiff, a resident of the state of Mississippi, named Travelers, a Connecticut corporation, as the Defendant. Defendant removed the case to this Court on October 13, 2011, on the basis of diversity jurisdiction.

On January 5, 2012, Plaintiff filed a Motion for Joinder of Defendants [11], seeking, among other things, to amend the Complaint to add Debra Barclay, a Mississippi resident, as a defendant. On February 10, 2012, the Magistrate Judge granted the motion in part and denied it in part [13]. The Magistrate Judge noted that Plaintiff had not made any factual allegations against Barclay in his original complaint or the proposed amended complaint. He further noted that Plaintiff had been dilatory in seeking an amendment, and that Plaintiff had not established or argued that

Barclay's absence from this matter would prejudice him or otherwise prevent him from pursuing his claims. Accordingly, the Magistrate Judge concluded that Plaintiff's only purpose in adding Barclay was to defeat the Court's diversity jurisdiction, and he denied Plaintiff's motion with respect to that issue. However, the Magistrate Judge granted Plaintiff's motion with respect to other amendments which have no bearing on the present motion, and he gave Plaintiff two weeks to file an amended complaint that complied with the order. Plaintiff never filed an amended complaint. Instead, he filed a Motion to Remand [16], which the Court now addresses.

## II. DISCUSSION

### A.   *Diversity Jurisdiction*

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a). It has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). A case may not be removed on the basis of diversity jurisdiction, however, if a party "in interest properly joined and served as defendant[] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

"The party seeking to invoke federal jurisdiction bears the burden of establishing . . . that the parties are diverse . . . ." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636,

639 (5th Cir. 2003). The Court determines the parties' citizenship by reference to the time of removal. *Engler v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

In the present matter, it is undisputed that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff specifically demanded $4,800,000.00 in damages.

The only Plaintiff, Shawn O'Hara, is a resident of Forrest County, Mississippi. "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Therefore, Plaintiff is a citizen of Mississippi. The only Defendant – Travelers – was incorporated in Connecticut and has its principal place of business in Connecticut. Accordingly, Defendant is a citizen of Connecticut. 28 U.S.C. § 1332(c)(1).

Therefore, the parties are completely diverse, the amount in controversy exceeds $75,000.00, and the only properly joined and served Defendant is not a citizen of the state in which the case was brought. Accordingly, this case could have been originally filed in this Court. 28 U.S.C. §§ 1332(a), 1441(b). Therefore, the Court has removal jurisdiction over it. 28 U.S.C. § 1441(a).

### B.   *Timeliness of Removal*

Plaintiff also argues that Defendant did not remove this case within the thirty-

day time limit imposed by 28 U.S.C. § 1446, which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). However, 28 U.S.C. § 1447 provides: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Defendant removed the case on October 13, 2011, and Plaintiff filed his motion to remand over four months later, on February 27, 2012. Accordingly, Plaintiff waived any remand arguments related to procedural defects in Defendant's removal. *1994 Exxon Chem. Fire v. Berry*, 558 F.3d 378, 391 (5th Cir. 2009); *Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513, 516 (5th Cir. 1992).

### III. CONCLUSION

For the reasons stated above, the Court **denies** Plaintiff's Motion to Remand [16] this case to the Circuit Court of Forrest County, Mississippi.

SO ORDERED AND ADJUDGED this 19th day of March, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE