# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**SHAWN O'HARA**                                                                 **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:11-CV-208-KS-MTP**

**TRAVELERS, also named, THE AUTOMOBILE
INSURANCE COMPANY OF HARTFORD,
CONNECTICUT (INSURER)**                                                          **DEFENDANT**

## ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motions for Reconsideration [60, 61, 62] and warns Plaintiff that additional frivolous motions will be interpreted as willful contempt and/or contumacious conduct subject to sanctions.

### I. PLAINTIFF'S MOTION FOR RECONSIDERATION [60]

Plaintiff filed a Motion for Reconsideration [60] of the Court's Order [47] denying his Second Motion to Remand [34]. Plaintiff presents nothing new with respect to this issue. The motion is essentially a second motion for reconsideration of the Court's original order denying remand. "The federal rules do not provide for a motion requesting a reconsideration of a denial of a reconsideration. Were such motions permitted, it is conceivable that a dissatisfied litigant could continually seek reconsideration and prevent finality to the judgment." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009). Therefore, the Court **denies** Plaintiff's Motion for Reconsideration [60] of the remand issue.

### II. PLAINTIFF'S MOTION FOR RECONSIDERATION [61]

Plaintiff filed a Motion for Reconsideration [61] of the Court's Order [51] denying Plaintiff's Motion to Suppress All of Defendant's Evidence [37]. Therein, Plaintiff presented no legal authority or coherent argument, and he did not otherwise demonstrate that the Court erred in its earlier order. Accordingly, the Court **denies** Plaintiff's Motion for Reconsideration [61].

### III. Plaintiff's Motion for Reconsideration [62]

Plaintiff filed a Motion for Reconsideration [62] of the Court's Order [50] denying his Motion to Strike Countersuit [38]. Therein, Plaintiff presented no legal authority or coherent argument, and he did not otherwise demonstrate that the Court erred in its earlier order. Accordingly, the Court **denies** Plaintiff's Motion for Reconsideration [62].

### IV. Plaintiff's Conduct

This Court has repeatedly warned litigants that before filing a motion for reconsideration they "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). Indeed, motions for reconsideration "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Knight v. Kellogg Brown & root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009).

Plaintiff is entitled to disagree with the Court, but he is not entitled to monopolize this Court's time and resources, disrupt the disposition of this case, and

subject Defendant to unnecessary litigation costs by filing frivolous motions in bad faith. The Court typically affords *pro se* litigants a substantial amount of leniency – and it has done so in this case. However, Plaintiff has sufficient litigation experience and education to understand the Court's orders and procedural rules. Therefore, he has exhausted the Court's leniency.

**If Plaintiff files any further motions that present nothing beyond arguments and/or evidence that the Court has already addressed, the Court will interpret it as willful contempt and/or contumacious conduct subject to sanctions pursuant to Rule 11, Rule 37, Local Rule 11, Local Rule 37, and/or the Court's inherent power.**

SO ORDERED AND ADJUDGED this 20th day of July, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE